**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **BLUE COMPASS RV, LLC F/K/A RV RETAILER, LLC ,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | |
| **ZURICH AMERICAN INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Blue Compass RV, LLC f/k/a RV Retailer, LLC ("Blue Compass") files this Original Complaint against Defendant Zurich American Insurance Company ("Zurich"), and respectfully states as follows:

## I. SUMMARY OF ENTITLEMENT TO RELIEF

Zurich wrongfully denied coverage under its Auto Dealers Insurance Policy (the "Policy") for damage to covered RV inventory (the "Loss") at 1368 U.S. Route 2, East Montpelier, Vermont ("1368 Route 2") caused by a July 2023 flood at Blue Compass's East Montpelier dealership. The Policy, effective December 7, 2022, *does not* exclude coverage for flood for 1368 Route 2. Instead, Zurich relies on a unilateral retroactive Policy endorsement to deny flood coverage for property that is, by the plain language of the Policy, covered for flood.

Blue Compass is a national RV retailer with inventory at more than 100 locations across the United States. Among those locations are 1368 Route 2 and an adjacent connected location with a physical address of 1498 U.S. Route 2 ("1498 Route 2"). The Policy insures Blue Compass's inventory nationwide, including coverage under the Physical Damage Coverage, which covers RV

inventory against all physical damage from any cause of loss at any location. The Policy also includes a Flood Exclusion, which excludes "Flood" as a covered cause of loss at locations scheduled in the Flood Exclusion. 1498 Route 2 is a scheduled location in the Flood Exclusion, but 1368 Route 2 is not.

On July 10, 2023, major rains flooded 1368 Route 2 and 1498 Route 2, causing significant water damage to Blue Compass's inventory at both locations. Blue Compass submitted a claim to Zurich for the damaged inventory. In response, Zurich not only denied coverage for 1498 Route 2, but for 1368 Route 2 as well.




Zurich denied coverage for 1498 Route 2 because that location was scheduled on the Policy's Flood Exclusion. For 1368 Route 2, however, Zurich relied on a mysterious "Endorsement No. 20," which purports to add the "Auto Physical Damage Flood Exclusion" to 1368 Route 2. But the Policy does not contain Endorsement No. 20. Blue Compass had never even seen Endorsement No. 20 prior to Zurich's July 31, 2023 coverage denial. Based on subsequent

communications with Zurich, it appears that Zurich **unilaterally** added Endorsement No. 20 to the Policy post-Loss in an attempt to retroactively exclude coverage for flood at 1368 Route 2.

Zurich's conduct is the very essence of bad faith—not finding exclusionary language for flood in the Policy, Zurich added an exclusion to the Policy to justify a denial of coverage. By rejecting Blue Compass's covered claim, Zurich acted in bad faith, breached the insurance policy contract, and violated the Texas Insurance Code. Blue Compass has therefore filed this Complaint to recover damages caused by Zurich's wrongful conduct and further seeks a declaratory judgment that coverage is afforded for the Loss at 1368 Route 2.

## II. PARTIES

1. Plaintiff Blue Compass RV, LLC, formerly known as RV Retailer, LLC, is a limited liability company organized and existing under the laws of the state of Delaware. Blue Compass's members are all citizens of one or more of the following: Washington, D.C.; Texas; Pennsylvania; Maryland; Georgia; Florida; or Arizona. Accordingly, by attribution of its members' citizenship, Blue Compass is also a citizen of Washington, D.C., Texas, Pennsylvania, Maryland, Georgia, Florida, and Arizona.

2. Defendant Zurich American Insurance Company is a foreign stockholder insurance company organized under the laws of the state of New York, with a principal place of business in the state of Illinois and licensed to conduct business in Texas. Zurich is accordingly a citizen of Illinois and New York. Zurich may be served with process by serving its designated agent for service of process, Corporate Service Company, 211 E 7th Street, Ste. 620, Austin, Texas, 78701-3218.

## III. JURISDICTION & VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties, and the amount in controversy exceeds the minimum jurisdictional threshold of $75,000.00, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this District. In particular, the insurance policy that forms the basis of Blue Compass's claims was issued to Blue Compass at its 2929 North Central Expressway address in Richardson, Collin County, Texas, and Zurich mailed its coverage denial to Blue Compass at this same address.

## IV. FACTS GIVING RISE TO CONTROVERSY

### A. Blue Compass seeks new insurance coverage for all of its inventory.

5. Blue Compass is a national RV retailer with inventory at more than 100 locations across the United States.

6. In late 2022, Blue Compass RV requested an insurance quote from Zurich on the entirety of Blue Compass's inventory.

7. Seeking the broadest possible coverage for its inventory, Blue Compass provided Zurich's representative, Adam Horst, information regarding Blue Compass's then-existing insurance coverage, including details about the "catastrophic coverages" (i.e., flood, wind and hail) then in place at Blue Compass's various locations.

### B. Zurich responds with a Coverage Proposal for Blue Compass's inventory that does not exclude 1398 Route 2 for flood.

8. In response, Zurich prepared an insurance coverage proposal dated November 29, 2022 (the "Coverage Proposal").

9. The Coverage Proposal includes an Auto Dealers Coverage Form Schedule of Locations. Among the locations scheduled in the Coverage Proposal were 1368 Route 2 (Location 153-1) and—separately—1498 Route 2 (Location 154-1).

| | | |
|---|---|---|
| 153-1 | 1368 US ROUTE 2 EAST,<br>EAST MONTPELIER, VT 05651 | RV SALES & SERVICE |
| 154-1 | 1498 US ROUTE 2 EAST,<br>EAST MONTPELIER, VT 05651 | RV SALES & SERVICE |

10. The Coverage Proposal also identified, by location, where certain physical damage deductibles and exclusions applied. This list of 72 locations includes 1498 Route 2 (excluded for flood, but not for wind and hail), but it does ***not*** include 1368 Route 2.

| LOC # | Address, City, State, Zip | Flood Deductible Per Auto | Deductible Per Occurrence | Flood Excluded | Wind and Hail Excluded |
|---|---|---|---|---|---|
| *** | | | | | |
| 152-1 | 21833 I-10, VIDOR, TX 77662 | NA | | YES | YES |
| 154-1 | 1498 US ROUTE 2 EAST, EAST MONTPELIER, VT 05651 | NA | | YES | |

11. Based on the representations included in Zurich's Coverage Proposal, Blue Compass agreed to place insurance for its RV inventory with Zurich.

12. But neither the Coverage Proposal, nor the subsequent binder, nor the final Policy schedule 1368 Route 2 as excluded for flood.

**C. <u>Zurich issues the Policy, which covers Blue Compass's inventory nationwide against all causes of loss.</u>**

13. After Blue Compass agreed to Zurich's Coverage Proposal (including flood coverage for 1368 Route 2), Zurich issued a binder including substantially identical coverage terms to the terms in the Coverage Proposal. Zurich then issued the Policy, Auto Dealers Insurance

Policy No. AD 4399898 00, to Blue Compass, effective December 7, 2022 through December 7, 2023.

14. The Policy covers Blue Compass's "autos" (defined in the policy as "a land motor vehicle, 'trailer' or semitrailer") nationwide (including while stored or in transit) against physical damage, up to a policy limit of $1,037,612,003.00 for Physical Damage Comprehensive Coverage. This coverage includes both Blue Compass's interest in owned and financed autos and the interests of creditors named as loss payees for financed autos.

| Schedule | | | | | | |
|---|---|---|---|---|---|---|
| Loc. No. | Coverages | Limit Of Insurance | Deductible | | | Premium |
| ANY | Comprehensive | $1,037,612,003 | Minus | | | |
| | | | $ 5,000 | Deductible | For All Perils For Each Covered Auto. Subject To: | INCL |
| | | | $ 25,000 | Maximum Deductible | For All Such Loss In Any One Event; (See Windstorm/Hail Deductible Endorsement for Deductible Applicable To Those Causes of Loss) | |

***

Our Limit of insurance for "loss" at locations other than those stated in **Item 3.**

| | | |
|---|---|---|
| $ | INCL | Additional Locations Where You Store Covered "Autos" |
| $ | INCL | In Transit |

15. The Policy's Comprehensive Coverage pays for "loss" to a covered "auto" from any cause, except the covered "auto's" collision with another object, or the covered "auto's" overturn (these events are covered by the Policy's Physical Damage Collision Coverage).

**F. Physical Damage Coverage**

**1. Coverage**

**a.** We will pay for "loss" to a covered "auto" or its equipment under:

**(1) Comprehensive Coverage**

From any cause except:

**(a)** The covered "auto's" collision with another object; or

**(b)** The covered "auto's" overturn.

16. Thus, through the complementary Comprehensive and Collision Coverages, the Policy provides a baseline grant of coverage for all "loss" to a covered "auto" from any cause at any location.

**D. <u>The Policy's Flood Exclusion excludes coverage on a per-location basis.</u>**

17. Like Zurich's Coverage Proposal, the Policy includes both 1368 and 1498 as scheduled locations. The Policy also identifies both locations as "Locations Where [Blue Compass] Conduct[s] Auto Dealer Operations."

**Locations Where You Conduct Auto Dealer Operations**

| Location Number | Address (State your main business location first) |
|---|---|
| *** | |
| VT 153 001 | 1368 US ROUTE 2 EAST EAST MONTPELIER, VT 05651 |
| VT 154 001 | 1498 US ROUTE 2 EAST EAST MONTPELIER, VT 05651 |

18. The Policy is endorsed with a "Flood Exclusion," which adds "Flood" as an excluded cause of loss under the Comprehensive Coverage.

**A.** With regards to the location or locations shown in the Schedule, **Section I – Covered Autos Coverages**, Paragraph **F.1.a.(1)** is replaced by the following:

**(1) Comprehensive Coverage**

From any cause except:

**(a)** The covered "auto's" collision with another object;

**(b)** The covered "auto's" overturn; or

**(c)** "Flood".

19. Accordingly, the Flood Exclusion excludes coverage for flood only for locations included in the Flood Exclusion's Schedule.

**E. <u>Consistent with the terms of Zurich's Coverage Proposal, the Flood Exclusion does not exclude 1368 Route 2 for flood.</u>**

20. 1498 Route 2 is a scheduled location in the Policy's Flood Exclusion.

| Schedule | | | | |
|---|---|---|---|---|
| Location Number | Street | City | State | Zip |
| 016-002 | 302 W. MARKET STREET | ROCKPORT | TX | 78382 |
| 016-003 | 302 W. MARKET STREET | ROCKPORT | TX | 78382 |
| 152-001 | 21833 I-10 | VIDOR | TX | 77662 |
| 154-001 | 1498 US ROUTE 2 EAST | EAST MONTPELIER | VT | 05651 |

21. Blue Compass's 1368 Route 2 location is not listed as a scheduled location in the Policy's Flood Exclusion.

22. Accordingly, by its plain language, the Flood Exclusion excludes 1498 Route 2 for flood but preserves flood coverage for "autos" located at 1368 Route 2.

**F. <u>Following massive rainstorms, Blue Compass suffered a flood loss at 1368 Route 2.</u>**

23. Heavy rainstorms across Vermont brought catastrophic flash flooding and river flooding in July 2023, including at 1368 Route 2.[1]

24. This flooding caused Blue Compass's Loss—damage to its RV inventory at 1368 Route 2 and 1498 Route 2.

25. Blue Compass timely submitted a claim to Zurich for the Loss.

26. Instead of inspecting Blue Compass's flooded inventory, Zurich was largely non-responsive to Blue Compass's claim inquiries. Finally, after multiple e-mails asking whether Blue Compass could move the inventory from 1498 Route 2 and 1368 Route 2, Zurich responded that it "did not take issue" with this request—despite having never inspected the Loss.

**G. <u>Zurich denies coverage for the Loss and, for the first time, reveals the existence of "Endorsement No. 20."</u>**

27. On July 31, 2023, Zurich denied coverage for the entire Loss—that is, the damaged inventory at both 1498 Route 2 and 1368 Route 2.

[1] *See, e.g.*, *The Great Vermont Flood of 10–11 July 2023: Preliminary Meteorological Summer*, NATIONAL WEATHER SERVICE, https://www.weather.gov/btv/The-Great-Vermont-Flood-of-10-11-July-2023-Preliminary-Meteorological-Summary (last visited July 19, 2024).

28. Zurich denied coverage for the Loss at 1498 Route 2 on the basis of that location's inclusion in the Flood Exclusion's Schedule.

29. Although 1368 Route 2 is not excluded for flood by the Flood Exclusion, Zurich also denied coverage for Blue Compass's Loss at 1368 Route 2, basing its denial for flood coverage at 1368 Route 2 on "Endorsement No. 20."

30. According to Zurich's denial, "Endorsement No. 20" adds "auto physical damage flood exclusion" to Location 153-1 (1368 US Route 2)—but Endorsement No. 20 was not included in the Policy, nor had Blue Compass ever seen a copy of an Endorsement No. 20.

31. It is particularly surprising that Blue Compass would not have known that Endorsement No. 20 had been added to the Policy because the copy of Endorsement No. 20 Zurich eventually shared with Blue Compass (after denying the Flood claim) states:

> This endorsement will not be used to decrease coverages, increase rates or deductibles or alter any terms or conditions of coverage unless at the sole request of the insured.

32. Blue Compass did not request the decreased coverage for its inventory that Endorsement No. 20 purports to impose. Nor was Blue Compass even notified about such an endorsement prior to the Loss.

33. By all appearances then, upon discovering that 1368 Route 2 was not scheduled on the Flood Exclusion, Zurich unilaterally endorsed the Policy with Endorsement No. 20 to retroactively exclude the location for the Loss ***after*** the flood occurred. To add insult to injury, Zurich charged Blue Compass an additional $5.00 premium to "exclude"[2] 1368 for flood.

---

[2] Endorsement No. 20 states that it applies to the "COMMERCIAL GARAGE" Coverage Part—while the Policy includes a "Garagekeepers Coverage," that coverage is separate and distinct from the coverage provided by the Physical Damage Coverage of the Policy. Accordingly, by its own terms, Endorsement No. 20 does not apply to Blue Compass's Physical Damage Coverage claim.

| The above amendments result in a change in the premiums as follows: | | | |
|---|---|---|---|
| This premium does not include taxes and surcharges. | | | |
| ☐ No changes | ☐ To be Adjusted at Audit | Additional $ 5.00 | Return |

34. Counsel for Zurich confirmed this unilateral, retroactive, post-loss amendment to the Policy. In an October 4, 2023 letter to Blue Compass's counsel, Zurich's counsel asserted—without basis—that "the mutual intent and agreement was for no flood coverage at both properties [1368 Route 2 and 1498 Route 2]."

35. Zurich's counsel then asserted that the Policy (and, apparently the preceding binder and Coverage Proposal) "mistakenly failed to correctly [exclude 1368 Route 2 for flood], and that Zurich was accordingly entitled to ***unilaterally reform*** the Policy" (emphasis added).

36. Since doubling down on its bad faith coverage denial for 1368 Route 2, Zurich has maintained its position that it was entitled to unilaterally and retroactively reform the Policy after Blue Compass's Loss. Consequently, Zurich has filed the instant lawsuit, seeking to recover the policy benefits and damages to which it is justly entitled.

## V. CAUSES OF ACTION

37. Blue Compass incorporates each of the foregoing paragraphs by reference in the following:

### A. Declaratory Judgment

38. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, the Federal Declaratory Judgment Act.

39. An actual controversy of a judicial nature exists between Blue Compass and Zurich involving their respective rights and obligations under the Policy concerning flood coverage for 1368 Route 2. The resolution of this controversy is dependent upon an analysis of the terms of the Policy.

40. Blue Compass has complied with all conditions precedent to coverage under the Policy, or the conditions have been waived by Zurich due to Zurich's own conduct.

41. Blue Compass is entitled to a declaration from this Court that 1368 Route 2 is not excluded for flood by the Policy's Flood Exclusion nor by Endorsement No. 20 and that the inventory located at 1368 Route 2 at the time of the Loss, as determined by the trier of fact, is thus covered for flood under the broad coverage of the Policy's Physical Damage Coverage.

**B. Breach of Contract**

42. Blue Compass entered into a valid, enforceable contract for insurance with Zurich—the Policy.

43. Blue Compass has complied with all conditions precedent to coverage under the Policy, or the conditions have been waived by Zurich due to its own conduct.

44. Blue Compass suffered a covered flood Loss to its "autos" at 1368 Route 2.

45. Zurich breached the terms of the Policy by wrongfully denying Blue Compass's claim. As a result, Zurich has failed and refused to fulfill its coverage obligation to fully indemnify Blue Compass for its Loss, which is covered under the Policy.

46. Zurich's failure and refusal to fulfill its coverage obligations under the Policy is a material breach of the Policy, which has caused and will continue to cause damage to Blue Compass.

**C. Violation of the Texas Prompt Payment of Claims Act**

47. Zurich violated Chapter 542 of the Texas Insurance Code (the "Texas Prompt Payment of Claims Act") by improperly denying Blue Compass's flood claim and by failing to promptly pay Blue Compass for the Loss at 1368 Route 2.

48. Zurich violated Sections 542.055 and 542.056 of the Insurance Code by failing to begin its investigation of Blue Compass's claim no later than 15 days after being notified of the Loss and failing to accept or reject the claim no later than 15 business days later.

49. Zurich is liable for statutory penalties under Section 542.058 of the Insurance Code because it wrongfully rejected Blue Compass's claim.

50. Blue Compass is accordingly entitled to recover statutory penalties, including interest and attorneys' fees, as set forth in § 542.060 of the Texas Insurance Code.

**D. <u>Unfair Claims Settlement Practices</u>**

51. Zurich violated Chapter 541 of the Texas Insurance Code through its delay in handling Blue Compass's claim and misrepresentations of Policy provisions, including the post-Loss issuance of Endorsement No. 20.

52. Zurich has violated § 541.060 of the Texas Insurance Code by:

a. Misrepresenting to Blue Compass a material fact or Policy provision relating to the coverage at issue;

b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Zurich's liability has become reasonably clear;

c. Failing to promptly provide Blue Compass a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Zurich's denial of a claim or offer of a compromise settlement of a claim; and

d. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

53. Zurich has also violated § 541.061 of the Texas Insurance Code by:

a. Making an untrue statement of material fact regarding the coverage available under the Policy;

b. Making an untrue statement of material fact regarding negotiations prior to the issuance of the Policy;

c. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

d. Making a material misstatement of law.

54. As a result of Zurich's deceptive acts and practices set forth herein, Blue Compass has suffered actual damages in an amount estimated to exceed $1,360,000.00.

55. Zurich knowingly committed the acts complained of. As a result, Blue Compass is entitled to treble damages pursuant to Texas Insurance Code § 541.152(b).

**E. <u>Common Law Bad Faith</u>**

56. Zurich has violated its common law duty of good faith and fair dealing to Blue Compass.

57. Specifically, Blue Compass suffered a covered Loss under the Policy caused by flood.

58. Blue Compass reported the claim and provided Zurich with the necessary and requested documentation to support the amount of damages it sustained.

59. In response, Zurich disregarded its common law duty to attempt to resolve and pay Blue Compass's claim in good faith by:

a. Failing to timely communicate with Blue Compass throughout the handling of this claim;

b. Refusing to conduct an investigation and inspection of the Loss;

c. Denying coverage for and refusing to pay Blue Compass's claim without adequate explanation; and

d. Attempting to unilaterally reform the Policy with a post-Loss endorsement excluding coverage for the Loss, which is not otherwise excluded by the Policy.

60. There is no reasonable basis for Zurich's delay or its denial of this claim, and Zurich knew or should have known this fact.

61. As a result, Zurich's conduct constitutes bad faith under Texas law.

62. Therefore, Blue Compass is entitled to recover its actual damages, estimated to exceed $1,360,000.00, for the "loss" to its covered "autos"—the flood-damaged RV inventory at 1368 Route 2.

### F. Attorneys' Fees

63. Blue Compass retained the services of the law firm of Cokinos | Young and has agreed to pay Cokinos | Young a reasonable fee for its services necessarily rendered and to be rendered in this action. Blue Compass is entitled to an award of its reasonable and necessary fees in an amount to be established at trial pursuant to §§ 38.001, *et seq.* of the Texas Civil Practice & Remedies Code (Breach of Contract), § 541.152 of the Texas Insurance Code (Unfair Claims Settlement Practices), and § 542.060 of the Texas Insurance Code (Prompt Payment of Claims).

## VI. CONDITIONS PRECEDENT

64. All conditions precedent to Blue Compass's claims for relief as set forth herein and to their right to recover against Zurich have been performed, have occurred, or have been waived by Zurich due to Zurich's own conduct.

## PRAYER

Blue Compass RV respectfully prays for the following relief:

(1) A declaration from this Court that 1368 Route 2 is not excluded for flood by the Policy's Flood Exclusion nor by Endorsement No. 20, and that the inventory located at 1368 Route 2 at the time of the Loss, as determined by the trier of fact, is thus covered for flood under the broad coverage of the Policy's Physical Damage Coverage;

(2) Judgment that Zurich breached its insurance contract with Blue Compass and that Blue Compass is entitled to its damages as a result of this breach of contract;

(3) Judgment that Blue Compass is entitled to recover statutory damages, including treble damages under Chapter 541 of the Texas Insurance Code, as well as damages under Chapter 542 of the Texas Insurance Code;

(4) Judgment that Zurich breached its common law duty of good faith and fair dealing to Blue Compass and that Blue Compass is entitled to its damages as a result of Zurich's bad faith conduct;

(5) Judgment that Blue Compass is entitled to recover its costs, expenses, and attorney's fees incurred in pursuing this action for coverage;

(6) Judgement awarding Blue Compass pre-judgment and post-judgment interest as allowed by law; and

(7) For such other and further relief to which Blue Compass is justly entitled, in law or in equity.

Respectfully submitted,

By: *<u>/s/ Travis M. Brown</u>*

Travis M. Brown
Texas Bar No. 24061890
tbrown@cokinoslaw.com
E. Samuel Crecelius III
Texas Bar No. 24105757
screcelius@cokinoslaw.com
COKINOS | YOUNG
One Galleria Tower
13355 Noel Road, Suite 1375
Dallas, Texas 75240
Telephone: (817) 635-3600
Facsimile: (817) 635-3633

**ATTORNEYS FOR PLAINTIFF BLUE COMPASS RV, LLC F/K/A RV RETAILER, LLC**